IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL SIMS,                           )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )   No. 05-4273-CV-C-SOW
                                        )
COOPER COUNTY, MO., et al.,             )
                                        )
            Defendants.                 )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In his complaint alleging deliberate indifference to his serious needs for medical care, plaintiff has named Cooper County, Missouri; Cooper County Detention Center; Sheriff Paul Miline; Captain Barbara Alpline and a John Doe physician with the first name of Michael as defendants. In a fairly long recitation of facts, plaintiff alleges numerous instances where medical care was required and was either not provided or was delayed. He also asserts that when he was finally seen on one occasion by a physician at the Detention Center, the room was unsanitary and inappropriate for medical treatment, and that the treatment he received was substandard, constituted malpractice, and showed deliberate indifference.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while

incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Although plaintiff's allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage. Nevertheless, plaintiff's claims against Cooper County, Missouri, and the Cooper County Detention Center will be recommended dismissed.

Local governmental units, such as a city or county, are included among those to which section 1983 applies. *Monell v. Department of Soc. Serv. of City of N. Y.*, 436 U.S. 658, 690 (1978). However, liability of a municipality under section 1983 cannot be premised merely on the fact that it employs a tort-feasor or tort-feasors; in other words, section 1983 liability against a local government unit cannot be based upon a respondeat superior theory. *Id.* at 691. In order to establish liability of a municipality under *Monell*, the plaintiff must establish that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Id.* at 694. *See also St. Louis v. Praprotnik*, 485 U.S. 112 (1988); *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701 (1989). Thus, plaintiff must allege facts indicating that the municipal defendants were acting pursuant to official municipal policy in order to state a claim under section 1983 against the municipality. In this case, plaintiff has alleged no such facts.

Additionally, the Cooper County Detention Center is not a person within the meaning of 42 U.S.C. § 1983, and lacks a legal identity subject to suit under Missouri law. *See Simon v. St. Louis County Police Dept.* 14 F.E.P. 1363 (E.D. Mo. 1977).

Plaintiff indicates in his complaint that he does not know the last name of the physician who treated him. Generally, the use of "John Doe" defendants is not permitted in federal practice. *Iseley v. Bucks County*, 549 F. Supp. 160, 163 n.3 (E.D. Pa. 1982); *Rosenthal v. State of Nevada*, 514 F. Supp. 907, 914 (D. Nev. 1981); *Breslin v. City and County of Philadelphia*, 92 F.R.D. 764 (E.D. Pa. 1981); *Joel v. Various John Does*, 499 F. Supp. 791, 792 (D. Wis. 1980); *United States, ex rel. Davis v. Long's Drugs, Inc.*, 411 F. Supp.

2

1144, 1153 (S.D. Cal. 1976); *M.J. Brock & Sons, Inc. v. City of Davis*, 401 F. Supp. 354, 357 (N.D. Cal. 1975). In some instances, however, the use of "John Doe" defendants has been permitted where the identity of the alleged defendants is not known prior to the filing of the complaint, but may be determined through pretrial discovery. *See Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980); *Productions & Leasing v. Hotel Conquistador, Inc.*, 573 F. Supp. 717 (D. Nev. 1982), *aff'd*, 709 F.2d 21 (9th Cir. 1983). Other defendants may be ordered to provide the identity of John Doe defendants or plaintiff may be permitted discovery to identify John Doe defendants. *Weiss v. Moore*, No. 92-2848, slip op. (8th Cir. Apr. 12, 1993) (unpublished) (citing *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985)). In this case, plaintiff is directed to notify the court at the earliest opportunity of the complete name of the physician, so that service of process may be made upon him.

In a document filed on September 23, 2005, plaintiff has requested, free of charge, copies of all documents filed in all cases against the defendants within the last twenty years or, alternatively, the last seven years. Plaintiff's request is overbroad and denied. If plaintiff can identify documents he desires from specific cases, and is willing to pay the standard charge for those copies, he may request them from the clerk of court. The clerk will not run a broad search for him or otherwise conduct discovery for him, and his in forma pauperis status does not entitle him to court assistance for discovery, except under very limited and unusual circumstances.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $9.01[1] toward the filing fee. Plaintiff should contact prison officials to

---

[1] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release

3

have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $9.01 toward the $250.00 filing fee. It is further

ORDERED that the clerk of court forward appropriate process forms to plaintiff. It is further

ORDERED that within twenty days, plaintiff return the completed summons and service forms showing the address where defendant may be served. It is further

ORDERED that upon receipt of the completed forms, the clerk of court deliver the summons and complaint to the United States Marshal for service of process. It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2). It is further

---

of inmate account funds, he will need to do so promptly.

4

Case 2:05-cv-04273-SOW    Document 8    Filed 10/31/05    Page 4 of 5

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived.  It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration.  It is further

ORDERED that plaintiff's request of September 23, 2005, for copies of documents from this and other cases, free of charge, is denied [6].  It is further

RECOMMENDED that plaintiff's claims against Cooper County, Missouri, and the Cooper County Detention Center be dismissed, pursuant to 28 U. S. C. § 1915A, for failure to state a claim.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  If additional time is needed, a motion for an extension of time must be filed within twenty days.  The motion should state the reasons for the request.  *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 31st day of October, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge