IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL SIMS, Register No. 500526, )
)
          Plaintiff, )
)
          v. ) No. 05-4273-CV-C-SOW
)
COOPER COUNTY, MO., et al., )
)
          Defendants. )

**ORDER**

On October 31, 2005, the United States Magistrate Judge recommended dismissing plaintiff's claims against Cooper County, Missouri, and the Cooper County Detention Center for failure to state a claim. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on January 3, 2006, as well as plaintiff's motions to amend his complaint. The court is persuaded that the recommendation of the Magistrate Judge is correct as to defendant Cooper County Detention Center and should be adopted. Cooper County Detention Center is not a person within the meaning of 42 U.S.C. § 1983, and lacks a legal identity subject to suit under Missouri law.

On December 28, 2005, and January 3, 2006, plaintiff filed motions to file amendments to his complaint. A party is permitted to amend his complaint once, as a matter of course, any time before a responsive pleading is served. Fed. R. Civ. P. 15. No responsive pleading was filed in this case prior to plaintiff filing his motions. Therefore, plaintiff's motions to amend his complaint are granted. Nonetheless, plaintiff is advised that further amendments to his complaint will not be granted without consent of defendants or good cause being shown why such amendments were not included in his original complaint and two subsequent amendments.

In light of plaintiff's amendments, plaintiff will be granted leave to proceed on his claims that Cooper County, Missouri, had a policy or custom as to provision of medical care that violated his constitutional rights. Furthermore, plaintiff is granted leave to proceed on his amended claims against Dr. Michael Brown and Cooper County John Doe Officers who he alleges either refused and/or denied him adequate medical care.

Plaintiff's amended claims against Boonville Health Department, however, are dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim. Plaintiff's claims are based only upon Booville Heath Department's alleged regulatory supervisory role over the Cooper County Jail and its administration of health and medical services. A supervisor or, in this case, a supervising entity, cannot be held liable under section 1983 for the unconstitutional actions of those they supervise. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor, or a supervising entity, can be held liable only for personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990). In the instant case, plaintiff has failed to allege that the Boonville Health Department was involved in his alleged denial and/or delay in receiving medical care, or that it knew and authorized such violations.

Upon consideration of the February 2, 2006, motion of defendants Cooper County, Cooper County Detention Center, Paul Milne and Barbara Allphin to dismiss or, in the alternative, for more definite statement, and upon review of plaintiff's claims contained in his original complaint and amendments thereto, defendants' motion is denied.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). Additionally, as to the issue of a

2

more definitive statement, the Federal Rules of Civil Procedure require only that a complaint be sufficient to put the parties on notice of the claims against them.

In taking plaintiff's allegations in the light most favorable to the plaintiff, the court cannot determine at this stage in the proceedings that plaintiff can prove no set of facts which would entitle him to relief; thus, dismissal is not proper. Additionally, although plaintiff's complaint, and subsequent amendments may not be as clear and concise as preferred, they are sufficient to allow plaintiff to proceed. The court finds plaintiff's claims are sufficiently plead to give defendants Cooper County, Missouri; Sheriff Paul Milne; and Capt. Barbara Allphin notice of the claims against them. The court will not address the motion to dismiss and alternative motion for more definite statement as to defendant Cooper County Detention Center, because the claims against such defendant are being dismissed.

To clarify the issues in this case, the court advises the parties that plaintiff is granted leave to proceed on his claims against defendants Cooper County, Missouri; Sheriff Paul Milne; Capt. Barbara Allphin; Cooper County John Doe Jail Officers; and Dr. Michael Brown. Plaintiff is granted leave to proceed on his claims that his medical care at the Cooper County Jail constituted deliberate indifference because it was denied and/or delayed, and was rendered under unsanitary and medically inappropriate conditions within the jail.

IT IS, THEREFORE, ORDERED that the Magistrate Judge's October 31, 2005, Report and Recommendation is adopted, in part, and plaintiff's claims against the Cooper County Detention Center are dismissed, pursuant to the provisions of 28 U.S.C. § 1915, for failure to state a claim on which relief may be granted [8]. It is further

ORDERED that plaintiff's motions to file amendments to his complaint are granted [12, 13]. It is further

ORDERED that plaintiff is granted leave to proceed on his claims against Cooper County, Missouri; Sheriff Paul Milne; Capt. Barbara Allphin; Cooper County John Doe Jail Officers; and Dr. Michael Brown on plaintiff's claims that medical care at the Cooper County Jail constituted deliberate indifference because it was denied and/or delayed, and was rendered under unsanitary and medically inappropriate conditions within the jail. It is further

ORDERED that claims against the Boonville Health Department, identified in the amendments to the complaint, are dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim on which relief may be granted. It is further

ORDERED that the motion of defendants Cooper County, Missouri; Paul Milne; and Barbara Allphin to dismiss or, alternatively, for more definite statement is denied [16].

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: March 16, 2006