**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

MICHAEL SIMS, Register No. 500526,    )
    )
              Plaintiff,    )
    )
              v.    )         No. 05-4273-CV-C-SOW
    )
COOPER COUNTY, MO., et al.,    )
    )
              Defendants.    )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Michael Sims, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On June 19, 2006, defendant Brad Drew filed a motion to dismiss or, in the alternative, for more definite statement. Plaintiff filed a response on August 10, 2006. No reply suggestions were filed by defendant Drew.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

In taking plaintiff's allegations in the light most favorable to plaintiff, the court cannot determine at this stage in the proceedings that plaintiff can prove no set of facts which would entitle him to relief; thus dismissal is not proper. Additionally, although plaintiff's pro se claims against defendant Drew may not be as clear and concise as preferred, they are sufficient to allow plaintiff to proceed. The court finds that plaintiff's claims are sufficient to give defendant Drew

notice of the claims against him, upon considering plaintiff's more definite statement in his opposition to defendants' motion.  Therefore, defendant Drew's motion should be denied.

On August 7, 2006, defendant Dr. Michael Brown filed a motion to dismiss.  If plaintiff opposes defendant's request, a brief in opposition must be filed.  L.R. 4.1.  Failure to respond will be treated as lack of opposition to the motion and will likely result in dismissal of plaintiff's claims against Dr. Michael Brown, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS, THEREFORE, ORDERED that within twenty days, plaintiff show cause why defendant Dr. Michael Brown's motion to dismiss should not be granted.  It is further

RECOMMENDED that defendant Drew's motion to dismiss or alternative motion for more definite statement be denied [30].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 3rd day of October, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

2