# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

MICHAEL SIMS, Register No. 500526,　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiff,　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　v.　　　　　　　　　)　　　　No. 05-4273-CV-C-SOW
　　　　　　　　　　　　　　　　　　)
COOPER COUNTY, MO., et al.,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendants.　)

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Michael Sims, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants Milne, Allphin, Drew and Cooper County, Missouri, filed a motion for summary judgment on October 2, 2006, and an amended motion was filed on May 23, 2007, which defendant Eatherton joined. Plaintiff has not filed a response to the amended motion to for summary judgment, although he did file suggestions in opposition to their original motion for summary judgment on March 19, 2007.

On July 11, 2007, suggestions of death were filed as to defendant Eatherton. Plaintiff was directed on July 31, 2007, that if he seeks substitution of party as to defendant Eatherton, he must file such motion within fourteen days. In response, on August 22, 2007, plaintiff filed a motion to dismiss the personal capacity claims against Eatherton, but advised he wishes to continue with the official capacity claims. Plaintiff's motion to dismiss the personal capacity claims is granted; however, plaintiff cannot proceed on official capacity claims unless his complaint is amended as set forth in the order of July 31, 2007. Plaintiff has already identified Eatherton's employer, Cooper County, Missouri, as a defendant. In consideration of the suggestions of death filed, and there being no motion for substitution filed, plaintiff's claims against Eatherton should be dismissed.

On May 8, 2007, defendant Dr. Michael Brown filed a motion for summary judgment. On July 31, 2007, plaintiff was ordered to show cause within fourteen days why such motion should not be granted. In response to this court's order, plaintiff filed, on August 22, 2007, an untimely response to defendant Dr. Brown's motion for summary judgment, including a brief, an affidavit and exhibits, in opposition to the motion summary judgment.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

**Facts**

Plaintiff was housed at the Cooper County, Missouri, jail in June and early July 2005. During this time, defendant Brown was the contract physician for Cooper County. Defendant Milne was the Sheriff of Cooper County; Allphin was a captain and Drew was also a Cooper County employee. When incarcerated at the Cooper County Jail, plaintiff filled out a medical intake form on June 3, 2005, indicating that he suffered from arthritis, asthma and hepatitis.

Plaintiff filed numerous medical request forms during the period of approximately one month in which he was incarcerated at the Cooper County Jail. Plaintiff was seen by a doctor on several occasions and was prescribed medications for his complaints. During this time, plaintiff was also put on medical watch on several occasions upon directive of Dr. Brown, and was taken to the emergency room on June 28, 2005, for his complaints of chest pains. Plaintiff was also seen by a dentist and prescribed antibiotics to remedy an infection before pulling a tooth.

Plaintiff states defendants denied him medical care and/or proper medical care and were deliberately indifferent to his health and safety while he was incarcerated at the jail.

### Eighth Amendment Deliberate Indifference Standard

To succeed on his Eighth Amendment medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. Id. The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show (1) that the medical deprivation was objectively sufficiently serious; and (2) that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176). When an inmate alleges a delay in medical treatment constituted a constitutional deprivation, the objective seriousness of the deprivation is also measured by reference to the effect of the delay in treatment. Coleman v. Rahija, 114 F.3d at 784 (citing Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)); see also Beyerbach v. Sears, 49 F.3d at 1326. An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Beyerbach v. Sears, 49 F.3d at 1326 (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

3

A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983. Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976). Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). Nothing in the Eighth Amendment prevents doctors from exercising independent medical judgment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

*Defendants Milne, Allphin, Drew*

Plaintiff has failed to come forward with evidence in support of his claims that defendants Milne, Allphin, and Drew denied and/or delayed him proper medical care for his serious medical conditions, in violation of his constitutional rights.

First, plaintiff has no evidence from which a reasonable jury could find that he was suffering from a serious medical condition. There is no indication in the record that plaintiff had any type of serious medical condition requiring immediate medical attention. Although plaintiff indicated on his jail intake form that he suffered from chronic conditions of asthma, arthritis and Hepatitis C, plaintiff's medical and jail records provide that during the approximate month's time in which he was incarcerated at Cooper County Jail, he, in fact, received medications for his complaints related to these conditions, and his complaints alleging an imbedded tick, spitting up blood, a broken tooth and chest pains did not involve these conditions. The medical records from the jail and the nondefendant emergency room (ER), both of which treated plaintiff, do not support that plaintiff was suffering from a serious medical condition. Moreover, the jail records and jail medical records reflect that plaintiff's statements and behavior generally were contrary to his assertions of a serious medical condition, and that it was strongly suspicioned that his medical complaints were being made for purposes of manipulating the jail staff and the medical personnel who treated him.

Second, even assuming plaintiff had a serious medical condition, there is no evidence from which a reasonable jury could find that defendants denied plaintiff medical care. In the short time plaintiff was housed at the Cooper County Jail, he was seen by the jail doctor for his medical complaints, was transported to the emergency room to address his medical complaints, was seen by a dentist regarding his complaints of tooth pain, and he was prescribed medications.

4

Further, when plaintiff made medical complaints, there is no dispute that jail staff addressed each of such complaints by consulting with medical staff, putting plaintiff on medical watch or by ensuring that plaintiff was seen by medical or dental personnel as necessary.

Plaintiff's complaint and response to summary judgment clearly indicate that he (1) did not get exactly the medical care he thought he should, and (2) believes he was entitled to a higher standard of care than that provided. This disagreement with his medical care, however, does not support his claims of denial of medical care or deliberate indifference under 42 U.S.C. § 1983. Moreover, the jail and medical record evidence submitted by defendants and plaintiff clearly indicate that plaintiff's claims are unsupported by the evidence. A comparison of plaintiff's complaint and responses filed in opposition to summary judgment with the records evidence submitted in this case indicates plaintiff's claims are likely a selective and skewed version of the facts.

Third, to the extent plaintiff alleges a delay in receiving medical care, plaintiff comes forward with no evidence from which a reasonable jury could find that any delay in his receiving medical care resulted in any detrimental effect. Verifying medical evidence in the record is required to establish that a delay in an inmate's medical treatment caused a detrimental effect. Beyerbach v. Sears, 49 F.3d at 1326. Here, plaintiff has no such evidence.

For the reasons set forth above, this court finds there is no dispute of material fact as to plaintiff's claims against defendants Milne, Allphin and Drew, and these defendants are entitled to judgment as a matter of law. No reasonable jury could find that these defendants were deliberately indifferent to plaintiff's serious medical needs, in violation of plaintiff's constitutional rights under the Eighth Amendment.

*Cooper County, Missouri*

Local governmental units, such as a city or county, are included among those to which section 1983 applies. Monell v. Department of Soc. Serv. of City of N. Y., 436 U.S. 658, 690 (1978). See also Ware v. Jackson County, Mo., 150 F.3d, 873, 880 (8th Cir. 1998) (applying analysis of municipal liability under Monell to county government defendant). However, liability of a local governmental unit under section 1983 cannot be premised merely on the fact that it employs a tort-feasor or tort-feasors; in other words, section 1983 liability against a local governmental unit cannot be based upon a respondeat superior theory. Id. at 691. In order to

5

establish liability of a local governmental unit under <u>Monell</u>, the plaintiff must establish that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." <u>Id.</u> at 694. <u>See also St. Louis v. Praprotnik</u>, 485 U.S. 112 (1988); <u>Jett v. Dallas Indep. School Dist.</u>, 491 U.S. 701 (1989). To constitute a policy or custom, a policy must be officially written, or in the absence of such written policy there must exist a prior pattern of unconstitutional conduct that is so persistent and widespread as to have the effect and force of law. <u>Smith v. Watkins</u>, 159 F.3d 1137, 1139 (8th Cir. 1998); <u>Andrews v. Fowler</u>, 98 F.3d 1069, 1075 (8th Cir. 1996). In this case, because this court finds plaintiff's rights were not violated by Cooper County employees (as set forth in discussion above), there can be no cause of action based on Cooper County employees' alleged execution of Cooper County's unconstitutional policies or practices.

Moreover, even assuming plaintiff had a cause of action against the employees of Cooper County, plaintiff still has no cause of action against the county because plaintiff has come forward with no evidence that any alleged unconstitutional actions taken by Cooper County employees were the result of a policy or custom of Cooper County. The evidence does not support plaintiff's allegations that the jail did not have adequate medical facilities or personnel. Although the provisions for medical care at the jail were not state of the art, the evidence provides that they were sufficiently sanitary, and plaintiff was provided adequate medical care by medical professionals, including Cooper County's doctor and dentist, and received prescribed medications, as well as treatment from outside medical personnel at the emergency room as required. There being no evidence from which a reasonable jury could find that Cooper County had a custom or policy which denied plaintiff his constitutional rights, plaintiff fails to state a claim under 42 U.S.C. § 1983, and defendant Cooper County, Missouri, is entitled to judgment as a matter of law.

*Defendant Dr. Michael Brown*

Upon review of defendant Dr. Michael Brown's motion for summary judgment, this court finds that the motion has merit. Plaintiff's allegations against Dr. Brown are contradictory to the evidence provided in his medical records, the sworn statements of Dr. Brown, and the findings of the Missouri State Board of Registration for the Healing Arts, to which plaintiff previously submitted a complaint regarding these same claims. As set forth in the discussion above, the

6

evidence does not support plaintiff's allegation that he had serious medical conditions for which he was denied treatment while incarcerated in the Cooper County Jail. The evidence provides that plaintiff's numerous medical complaints were addressed by defendant Dr. Michael Brown, the Cooper County Jail staff at Dr. Brown's directive, the Cooper County Jail dentist, and by the treating ER medical personnel. Additionally, as set forth above, the records indicate that plaintiff's medical complaints were suspicioned to be nothing more than manipulation of the Cooper County Jail staff and medical personnel. Moreover, there is no evidence that any alleged delay in plaintiff's receipt of medical treatment from Dr. Brown was detrimental to plaintiff's medical condition in any way.

This court finds that plaintiff has come forward with no evidence from which a reasonable jury could find that plaintiff was denied medical care or that the medical care provided was inadequate, thereby violating his constitutional rights. There is no dispute of material fact which would require these claims against Dr. Michael Brown to go to trial; therefore, defendant Dr. Michael Brown is entitled to judgment as a matter of law on plaintiff's claims against him.

**Motion to Compel**

On August 22, 2007, plaintiff filed a motion to compel, stating he was confused by the court's order of May 8, 2007, granting defendant Dr. Brown leave to file out-of-time a motion for summary judgment, and Dr. Brown's filing of his motion for summary judgment on that same date. In this regard, plaintiff is advised, simply, that the court order and the motion of defendant were electronically filed on the same date. The court's May 8, 2007 Order is accurate and was properly filed. To the extent plaintiff's motion to compel appears to allege that plaintiff did not receive a copy of Dr. Brown's motion for summary judgment, this court notes that plaintiff's brief, affidavit and exhibits filed in opposition to the motion indicate he is aware of the issues set forth in Dr. Brown's motion for summary judgment. Additionally, the court notes that a certificate of service was included with the May 8, 2007, filing of Dr. Brown's motion, indicating that a copy was mailed to plaintiff. Furthermore, plaintiff did not allege to this court until August 22, 2007, that he had not received the motion, despite a show cause order being entered on July 31, 2007. This court notes that throughout this case, which has been pending since 2005, plaintiff has delayed this case with untimely filings, and more than one show cause

7

order has been entered seeking plaintiff to respond to a pending motion of defendants. Based on the foregoing, this court is unwilling to again delay the processing of this case. Plaintiff's motion to compel is denied. However, in consideration of giving plaintiff full opportunity to respond to the issues and ensure the fair processing of this case, the clerk of court is ordered to immediately forward, in conjunction with this Recommendation, a copy of the motion for summary judgment filed by defendant Dr. Brown to plaintiff. Plaintiff will be granted until September 14, 2007, to file objections to the recommendation of this court to grant summary judgment on behalf of the defendants. In consideration of the age of this case, and the ongoing delays in its processing, further extensions of time will not be granted.

IT IS, THEREFORE, ORDERED that plaintiff's motion to compel is denied. [89] It is further

ORDERED that plaintiff's motion to dismiss the personal capacity claims against defendant Eatherton is granted. [88] It is further

ORDERED that the Clerk of Court forward to plaintiff, in conjunction with this order, a courtesy copy of documents 82 and 83, Defendant Brown's Motion for Summary Judgment and Suggestions in Support. It is further

ORDERED that the parties have until September 14, 2007, to file any objections to this Report and Recommendation, and that further extensions of time will not be granted. It is further

RECOMMENDED that plaintiff's remaining official capacity claims against defendant Eatherton be dismissed. It is further

RECOMMENDED that defendant Eatherton's motion to dismiss be denied as moot. [60] It is further

RECOMMENDED that defendants' motions for summary judgment be granted and plaintiff's claims be dismissed. [53, 82, 85]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to fourteen days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 30th day of August, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

9